**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Smith, | No. CV-23-00003-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Derek Leon Mantilla, et al., | |
| Defendants. | |

On February 12, 2024, the Court directed Plaintiff to file a written response within thirty days indicating whether he intends to proceed with the prosecution of this case. (Doc. 13.) Plaintiff was cautioned that "if [he] does not respond to this Order, this action will be dismissed for failure to prosecute without further notice to Plaintiff." (*Id.*) Plaintiff has not responded and the time for doing so has expired.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc*., 587 F.2d 27, 29 (9th Cir. 1978). A federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-31 (1962). In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first and second factors favor dismissal of this case. Plaintiff's repeated failure to respond to either of Defendant Lecompte's motions and comply with the Court's Orders delays the resolution of litigation and prevents the Court from adjudicating this case on its merits. Plaintiff was ordered to file a response to Defendant Lecompte's Motion to Dismiss (Doc. 10) no later than June 16, 2023 and failed to do so. (Doc. 11.) Further, Plaintiff was given thirty days to respond to the February 12 Order to show cause and failed to do so. (Doc. 13.) The third factor weighs in favor of dismissal because there is no risk of prejudice to the Defendant. The fourth factor, as always, weighs against dismissal. The fifth factor requires that the Court consider whether a less drastic alternative is available.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b), Fed. R. Civ. P., provides that a dismissal for failure to prosecute operates as an adjudication on the merits unless the dismissal order states otherwise. In the instant case, a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed without prejudice pursuant to Rule 41(b).

Accordingly,

**IT IS ORDERED** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 18th day of March, 2024.

Jennifer G. Zipps
United States District Judge